## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS BUTLER, *Plaintiff*, | : : : | CIVIL ACTION |
| v. | : : | No. 19-1828 |
| LAFARGEHOLCIM, *Defendant.* | : : : | |

### Memorandum

**Chad F. Kenney, J.**                                                                                                February 5, 2021

Plaintiff Douglas Butler brought suit against his former employer, LafargeHolcim, a cement and building materials manufacturer, alleging violations of Section 1981 of the Civil Rights Act of 1866, the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act. Pending before the Court is Plaintiff's motion *in limine* (ECF No. 29). The Court will grant Plaintiff's motion to exclude testimony about a grievance arbitration under Federal Rules of Evidence 402 and 403 for the reasons outlined below.

   I.   DISCUSSION

Rule 402 permits the admission of all "relevant evidence," defined as "[having] any tendency to make a fact more or less probable than it would be without the evidence," with that fact being "of consequence in determining the action." Fed. R. Evid. 401. Nonetheless, the Court may exclude relevant evidence under Rule 403 "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Plaintiff moves to preclude Defendant from introducing any testimony relating to a grievance arbitration convened under the collective bargaining agreement between Defendant and Plaintiff's union. *See* ECF No. 29 at 1. He argues that testimony about his failure to attend the

grievance arbitration is irrelevant to issues of mitigation under Rule 402, prejudicial to Plaintiff and capable of misleading the jury under Rule 403. *See id*. at 2–3. Defendant responds that Plaintiff's failure to attend the arbitration hearing, which could have resulted in reinstatement to his position and back pay, is evidence of his failure to mitigate, which Defendant asserted as an affirmative defense. *See* ECF No. 40 at 3–7; ECF No. 7 at 7.  Defendant directs the Court to several cases in support of its position, but cites no decisions by a Court of Appeals or by a sister court in the Eastern District of Pennsylvania.

      The Court determines that the evidence shall be excluded under Federal Rule of Evidence 402 as irrelevant to the issue of mitigation, and, to the extent there is any marginal relevance, it is excluded under Rule 403 as potentially misleading to the jury. Plaintiff's failure to attend the grievance arbitration is not relevant to show that he failed to mitigate his damages. No failure to mitigate exists where Plaintiff did not proceed with a grievance process that would seek the same relief sought in the instant litigation. Plaintiff's choice to proceed fully in this forum as opposed to the other is not evidence of a failure to mitigate.  Proceeding in this forum is an attempt at a full mitigation and choosing one tribunal over the other may indicate his practical decision as to how to best spend valuable and limited time and resources under the circumstances.

      A failure to mitigate anticipates a failure to look for other work when capable of doing other work rather than a practical decision as to whether to proceed with one panel, both, or neither. When exhaustion of remedies is not required, the failure to exhaust them cannot be brought in the proverbial evidentiary backdoor using the convenient rubric of "failure to mitigate."

Defendant's argument that Plaintiff's damages would have been less extensive had he attended the arbitration is based on speculation that the arbitrator would have been swayed by Plaintiff's presence at the grievance hearing. Defendant has failed to provide factual support for its allegation and to demonstrate the relevance of Plaintiff's absence at the grievance arbitration under Rule 402. Further, the prejudicial effect of testimony on Plaintiff's absence at the grievance arbitration far outweighs its probative value. As Plaintiff argues, the jury may focus on his failure to attend the grievance arbitration and prevent him from receiving fair consideration of his claims.

## II. CONCLUSION

The Court finds that the probative value of the testimony regarding Plaintiff's failure to attend the grievance arbitration is far outweighed here by the risk of unfair prejudice and misleading the jury, and therefore, the testimony is not admissible. Plaintiff's motion *in limine* will be granted. An appropriate order follows.